IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ENRIQUE PONCE, | No. C 07-0604 MMC (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

On January 30, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 17, 2007, the Court granted petitioner's motion to stay the petition while petitioner returned to state court to exhaust state remedies with respect to four previously unexhausted claims. On March 31, 2008, the Court granted petitioner's motion to reopen the case on the ground state remedies were now exhausted; additionally, petitioner was granted leave to file an amended petition that includes all of his exhausted claims.[1] On May 1, 2008, petitioner timely filed an amended petition.

**BACKGROUND**

In 2003, in the Superior Court of Sonoma County ("Superior Court"), petitioner was found guilty of rape. He was sentenced to a term of nine years in state prison. The California Court of Appeal affirmed the conviction and the California Supreme Court denied

---

[1] The case initially was assigned to the Honorable Martin J. Jenkins. On April 7, 2008, the case was re-assigned to the undersigned.

review.  Thereafter, petitioner filed state habeas petitions that were denied in the Superior Court, the California Court of Appeal, and the California Supreme Court.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

In the amended petition, petitioner asserts the following claims for relief: (1) his rights under Miranda v. Arizona, 384 U.S. 436 (1966), were violated during his arrest and interrogation; (2) he was denied the right to call his consulate for advice, in violation of the Vienna Convention; (3) he received ineffective assistance of trial counsel due to counsel's failure to contest either of the above-noted violations; and (4) the trial court's exclusion of defense evidence violated his rights to present a defense and to due process.  Liberally construed, petitioner's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the amended petition and all attachments thereto (Docket No. 12), on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: August 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3