IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ENRIQUE PONCE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>B. CURRY, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 07-0604 MMC (PR)<br><br>**ORDER DIRECTING PETITIONER TO COMPLY WITH COURT ORDER OR FACE DISMISSAL FOR FAILURE TO PROSECUTE** |

　　　　On January 30, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court granted petitioner's motion to stay the petition while petitioner returned to state court to exhaust state remedies. Subsequently, after state remedies had been exhausted, the Court reopened the action and ordered respondent to file an answer showing cause why the petition should not be granted. On October 30, 2008, respondent filed an answer to the petition; on January 6, 2009, petitioner filed a traverse.

　　　　Recently, the Court was apprised that petitioner, at some point after filing his traverse, was released on parole and, in February 2010, was discharged from parole. Petitioner, however, has not notified the Court of such subsequent events. Pursuant to the Civil Local Rules of this district, "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." See Civ. L. R. 3-11(a). Additionally, in its

Order to Show Cause issued in this matter on August 1, 2008, the Court informed petitioner of his continuing obligation to prosecute said action, as follows:

> It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(Docket No. 13 at 3:20-23.)

Petitioner last communicated with the Court more than one year ago, when, on September 30, 2009, he filed a notice of a change of address to Corcoran State Prison. (Docket No. 21.) As noted, the Court has been apprised that petitioner no longer is incarcerated. Consequently, as it appears that petitioner has not kept the Court informed of his current address, the instant action is subject to dismissal for failure to prosecute.

Accordingly, the Court hereby orders as follows:

Within **twenty** days of the date this order is filed, petitioner shall notify the Court of his current address and whether he intends to proceed with the prosecution of this action. If petitioner fails to do so, the action will be dismissed for failure to prosecute, based on petitioner's failure to comply with the Court's orders.

The Clerk shall mail a copy of this order to petitioner at his most recent address of record at Corcoran State Prison.

IT IS SO ORDERED.

DATED: December 2, 2010

MAXINE M. CHESNEY
United States District Judge