1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUIS ENRIQUE PONCE,                    )    No. C 07-0604 MMC (PR)
                                       )
                    Petitioner,        )    **ORDER OF DISMISSAL**
                                       )
    v.                                 )
                                       )
B. CURRY, Warden,                      )
                                       )
                    Respondent.        )
_____    )

On January 30, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Thereafter, the Court granted petitioner's motion to stay the petition while petitioner returned to state court to exhaust state remedies.  Subsequently, after state remedies had been exhausted, the Court reopened the action and ordered respondent to file an answer showing cause why the petition should not be granted.  On October 30, 2008, respondent filed an answer to the petition; on January 6, 2009, petitioner filed a traverse.

Recently, the Court was apprised that petitioner, at some point after filing his traverse, was released on parole and, in February 2010, was discharged from parole.  Petitioner, however, has not notified the Court of such subsequent events.  Pursuant to the Civil Local Rules of this district, "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address."  See Civ. L. R. 3-11(a).  Additionally, in its

<div style="writing-mode:vertical">**United States District Court**
For the Northern District of California</div>

1  Order to Show Cause issued in this matter on August 1, 2008, the Court informed petitioner

2  of his continuing obligation to prosecute said action, as follows:

3      It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
       Court and respondent informed of any change of address and must comply with
4      the Court's orders in a timely fashion.  Failure to do so may result in the
       dismissal of this action for failure to prosecute pursuant to Federal Rule of
5      Civil Procedure 41(b).

6  (Docket No. 13 at 3:20-23.)

7      Consequently, in view of the Court's having previously informed petitioner of his

8  continuing obligation to prosecute this action, petitioner's failure to communicate with the

9  Court for more than a year after having filed a notice of a change of address to Corcoran

10 State Prison, and petitioner's release on parole, the Court, by order filed December 2, 2010,

11 directed petitioner to inform the Court, within twenty days thereof, whether he intended to

12 proceed with the prosecution of this action.  (Docket No. 22 at 2:7-14.)  Petitioner was

13 expressly informed that if he failed to comply with the Court's order, this action would be

14 dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal

15 Rules of Civil Procedure.  (Id. at 2:14-16.)  The Clerk was directed to mail a copy of the

16 order to petitioner at his most recent address of record at Corcoran State Prison.  (Id. at 2:17-

17 18.)

18     More than twenty days have passed from the date the Court's order was filed and

19 petitioner has failed to comply therewith.  Accordingly, the above-titled action is hereby

20 DISMISSED without prejudice for failure to prosecute.

21     The Clerk shall close the file.

22     IT IS SO ORDERED.

23 DATED: December 27, 2010

24                                    MAXINE M. CHESNEY
                                      United States District Judge

2